IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CIDNEY SCHRADER-SCALF, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:12-CV-4446-D |
| VS. | § |
| | § |
| CITIMORTGAGE, INC., | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from plaintiff's attempt to stop a residential foreclosure, defendant CitiMortgage, Inc. ("Citi") moves to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons set out below, the court grants the motion but allows plaintiff to replead.

I

Plaintiff Cidney Schrader-Scalf ("Schrader-Scalf") purchased residential property in 2007 and executed a note to SFMC, LP d/b/a Service First Mortgage Company.[1] The deed of trust named as beneficiary Mortgage Electronic Registration Systems, Inc. ("MERS") and MERS's successors and assigns. *See* D. App. 8. According to Schrader-Scalf's state court

---

[1] In deciding Citi's Rule 12(b)(6) motion, the court construes Schrader-Scalf's original petition in the light most favorable to her, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in her favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). The court also considers the note, deed of trust, and assignment of deed of trust attached to Citi's motion. *See, e.g., Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 829 n.2 (N.D. Tex. 2011) (Fitzwater, C.J.) ("[T]he court may review the documents attached to the motion to dismiss . . . where the complaint refers to the documents and they are central to the claim." (quoting *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003)).

original petition ("petition"), the note was later securitized into a trust (the Citigroup Mortgage Loan Trust Inc. Mortgage Pass-Through Certificate Series, 2007-10). In 2011 MERS, acting as nominee for Service First Mortgage Company, assigned the deed of trust to Citi.

After Schrader-Scalf defaulted on her mortgage, Citi posted her residence for foreclosure. Schrader-Scalf filed suit in Texas state court to prevent Citi from foreclosing. She seeks a declaratory judgment that Citi lacks the authority to foreclose and an order quieting title in her favor. She also requests reimbursement of fees charged under the note, attorney's fees and costs, and exemplary damages.[2] Citi removed the case to this court, and it now moves to dismiss all of Schrader-Scalf's claims.

II

To survive Citi's motion, Schrader-Scalf's petition must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be

---

[2]In her petition, Schrader-Scalf applies for a temporary injunction and a temporary restraining order. Because the court is dismissing her claims, these requests for relief fail as well.

enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' it demands more than "'labels and conclusions.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

Schrader-Scalf requests a declaratory judgment and an order quieting title on the ground that Citi cannot enforce the deed of trust's foreclosure power.

A

In her petition, Schrader-Scalf relies primarily on the allegation that Citi cannot foreclose because it was not assigned the note and has no rights in the note. She alleges that because the note and deed of trust were separated, and MERS only assigned the deed of trust to Citi, Citi cannot foreclose until it can prove it owns the note as well.

Schrader-Scalf's argument relies on the split-the-note theory,[3] which has been soundly

---

[3]The split-the-note theory "maintains that when the deed of trust is assigned without the note, the assignee lacks the power to foreclose." *Enis v. Bank of Am., N.A.*, 2012 WL 4741073, at *2 (N.D. Tex. Oct. 3, 2012) (Fitzwater, C.J.).

rejected by the Fifth Circuit and by district courts within the circuit. *See, e.g., Wigginton v. Bank of N.Y. Mellon*, 488 Fed. Appx. 868, 870 (5th Cir. 2012) (per curiam); *Enis v. Bank of Am., N.A.*, 2012 WL 4741073, *2 (N.D. Tex. Oct. 3, 2012) (Fitzwater, C.J.). Citi need not prove that it owns the note in order to foreclose under the deed of trust. *See Athey v. Mortg. Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 166 (Tex. App. 2010, pet. denied) (holding that MERS had authority to foreclose although another entity owned note); *see also Bierwirth v. BAC Home Loans Servicing, L.P.*, 2012 WL 3793190, at *3-4 (Tex. App. Aug. 30, 2012, no pet.) (mem. op.) (explaining that "Texas law differentiates between enforcement of a promissory note and foreclosure," and "foreclosure statutes simply do not require possession or production of the original note" (citation omitted)); *Puente v. CitiMortgage, Inc.*, 2012 WL 4335997, at *4 & n.10 (N.D. Tex. Aug. 29, 2012) (Godbey, J.).

The court rejects Schrader-Scalf's contention that Citi cannot foreclose because it allegedly does not own the note. The deed of trust provided that MERS had the right to foreclose, and MERS assigned the deed to Citi.[4] The assignment of the deed of trust here sufficiently transferred to Citi the right to foreclose.[5] *See Enis*, 2012 WL 4741073, at *2 ("Because under the deed of trust MERS held the power of sale, [Bank of America] received that power when it was assigned the deed of trust.").

---

[4] Schrader-Scalf does not challenge that MERS validly assigned the deed of trust to Citi.

[5] The court therefore also rejects Schrader-Scalf's contention that Citi's attempt to foreclose under an allegedly unenforceable deed constituted fraud.

B

Schrader-Scalf raises the related proposition that Citi cannot foreclose because the note's transfer into the securitized trust extinguished Citi's interest in the note. She alleges that "[w]hen acquired by the trust, the rights (if any) of all other parties in the Note, including but not limited to [Citi], would have been extinguished." Pet. ¶ 18. She maintains on this ground that Citi cannot enforce the default under the note or invoke the right under the deed of trust to foreclose.

Schrader-Scalf fails to cite any authority, and the court has found none, to support the premise that transferring the note into a trust extinguishes the foreclosure rights of the assignee of the deed of trust. This argument appears to rely on the erroneous split-the-note theory by maintaining that a separate entity's ownership of the note precludes foreclosure under the deed of trust. Because the securitized trust only received the *note*,[6] that does not by itself affect the enforceability of the *deed of trust*. *See Lamb v. Wells Fargo Bank, NA*, 2012 WL 1888152, at *5 (N.D. Tex. May 24, 2012) (Lindsay, J.) (describing effect of

---

[6]The allegations of the petition are inconsistent regarding whether the trust acquired both the deed of trust and the note, or just the note. *Compare* Pet. ¶ 10 ("The Trust that has owned Plaintiff's *Note and Deed of Trust* in 2007, included in the terms of its Pooling and Servicing Agreement (the PSA) a specific time, method and manner of funding the Trust with its assets.") (emphasis added) *with id.* at ¶ 18 ("Upon information and belief, the Note was pooled with other similar residential mortgages and transferred into an asset-backed trust[.]"), *and id.* at ¶ 30 ("The Trust Deed has been unenforceable . . . from the first transfer of the Note as set out above (to the unidentified securitization trust)."). The court construes the petition to assert that only the note was transferred to the trust, because this is most consistent with the petition's other allegations. Furthermore, the documents Schrader-Scalf attaches to her petition include a chart depicting that the note was transferred to the trust while the deed of trust was only assigned from MERS to Citi.

transferring note to securitized trust: "The Pooling and Servicing Agreement . . . relate[s] to the selection of *mortgage loans* for inclusion in the trust and the assignment of *mortgage loans*, not mortgages. As a result, [it] do[es] not affect MERS's authority as nominee and beneficiary of the lender under the Deed of Trust to sell, transfer, assign or foreclose on the property at issue." (footnote omitted) (citing *Smith v. Litton Loan Servicing, LP*, 2012 WL 1444636, at *1 (E.D. Mich. Apr. 26, 2012))). Indeed, if Schrader-Scalf's premise were valid, it would effectively preclude the remedy of foreclosure for a mortgage where the note was pooled and securitized and the deed of trust was assigned to a separate entity. This is not a result dictated by Texas law.

C

Schrader-Scalf also maintains that the securitized trust did not timely acquire the note in accordance with the trust's pooling and servicing agreement ("PSA"), and therefore the note is void and neither the trust nor Citi can foreclose under the deed of trust. Even if this argument had a valid premise,[7] Schrader-Scalf lacks standing to contest compliance with the terms of an assignment agreement to which she is not a party. *See Metcalf v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 2399369, at *4-5 (N.D. Tex. June 26, 2012) (Fitzwater, C.J.).

---

[7]This argument again relies on the split-the-note theory by conflating ownership of the note with ability to foreclose under the deed of trust. Moreover, "it is unclear . . . that the assignment becomes *invalid* merely because it conflicts with the PSA." *Metcalf v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 2399369, at *4 (N.D. Tex. June 26, 2012) (Fitzwater, C.J.) ("'Plaintiffs have also not cited any precedent holding that an assignment is invalid simply because it conflicts with a PSA and it is irrelevant to the validity of the assignment whether or not it complied with the PSA.'" (quoting *Long v. One W. Bank, FSB*, 2011 WL 3796887, at *4 (N.D. Ill. Aug. 24, 2011))).

Schrader-Scalf lacks standing to assert this breach of contract claim because she fails to allege facts that allow the court to draw the reasonable inference that she is privy to the agreement or a third-party beneficiary.[8] *See id.* at *4 (citing *Deerinck v. Heritage Plaza Mortg. Inc.*, 2012 WL 1085520, at *5 & n.10 (E.D. Cal. Mar. 30, 2012)).

IV

Schrader-Scalf seeks a declaratory judgment that, *inter alia*,[9] Citi lacks authority to foreclose.

> The federal Declaratory Judgment Act does not create a substantive cause of action. A declaratory judgment action is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law. Federal courts have broad discretion to grant or refuse declaratory judgment. Since its inception, the DJA has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights

---

[8] Schrader-Scalf maintains that New York law applies to the PSA, which Citi does not contest. Both New York and Texas impose a similar standing requirement that the claimant must either be privy to the agreement or must be a third-party beneficiary. *See Pagosa Oil & Gas, L.L.C. v. Marrs & Smith P'ship*, 323 S.W.3d 203, 210 (Tex. App. 2010, pet. denied); *Logan-Baldwin v. L.S.M. Gen. Contractors, Inc.*, 942 N.Y.S.2d 718, 720 (N.Y. App. Div. 2012).

[9] Schrader-Scalf also requests a declaratory judgment that the note has become unsecured and that her property cannot be foreclosed because any assignee of the note did not receive assignment of the deed of trust. She cites no legal authority justifying this relief. *Cf. Metcalf*, 2012 WL 2399369, at *8 (rejecting similar request to declare note's obligation unsecured).

She also seeks a declaratory judgment that she was prevented from properly discharging her obligations under the note because she could not discover the identity of the assignees of the note and deed. She fails to allege any legal ground for such a judgment, for example, alleging a violation of notification requirements. *Cf.* Pet. ¶ 6 (acknowledging that Citi was assigned servicing rights of note in 2007).


> of litigants. The DJA is an authorization, not a command. It gives federal courts the competence to declare rights, but it does not impose a duty to do so.

*Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *5 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.) (citation omitted), *appeal docketed*, No. 12-10277 (5th Cir. Mar. 13, 2012). Because Schrader-Scalf has failed to plead a plausible substantive claim to contest Citi's power to foreclose, the court declines in its discretion to entertain her request for a declaratory judgment. *See id.* at *6.

V

The court next considers Schrader-Scalf's quiet title claim.

A Texas-law quiet title claim is an equitable action that requires proof of three elements: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Metcalf*, 2012 WL 2399369, at *7 (citing *U.S. Nat'l Bank Ass'n v. Johnson*, 2011 WL 6938507, at *3 (Tex. App. Dec. 30, 2011, no pet.) (mem. op.)). Because the court has rejected Schrader-Scalf's grounds for contending that Citi's claim to the property is invalid, she has failed to state a plausible claim regarding the third element. *See supra* § III. Accordingly, the court dismisses her quiet title claim.

VI

Although the court is dismissing Schrader-Scalf's claims, it will permit her to replead. Schrader-Scalf filed this case in state court, under the pleading standards that govern in that forum. Citi filed the instant motion to dismiss shortly after removing the case. This court

has adopted a nearly unwavering practice of permitting plaintiffs to replead under the federal pleading standards when it dismisses removed cases that were pleaded under state standards. *See, e.g., Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 849 (N.D. Tex. 2011) (Fitzwater, C.J.) (granting similar relief in removed case). Accordingly, the court grants Schrader-Scalf 30 days from the date of this memorandum opinion and order to file an amended complaint. If she fails to replead, this action will be dismissed based on Citi's November 12, 2012 motion to dismiss. If she repleads, Citi may move anew to dismiss, if it has a basis to do so.

\* \* \*

For the reasons set out, the court grants defendant's motion to dismiss and grants plaintiff leave to replead.

**SO ORDERED.**

February 20, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE